IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3316-H

DENNIS R. OUTLAW, SR.,          )
      Plaintiff,                )
                                )
      v.                        )
                                )
MARTIN COUNTY, NC, MARTIN       )          **ORDER**
COUNTY PROBATION AND PAROLE,    )
and PATRESE JACKSON,            )
      Defendants.               )

Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 1983. [D.E. #1]. This matter is before the court on plaintiff's motion to proceed without prepayment of filing fees, [D.E. #2], and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2).

**STATEMENT OF THE CASE**

Plaintiff alleges he was placed on probation following a criminal judgment in state court in May 2014. Defendant Patrese Jackson, a probation officer in Martin County, North Carolina, was assigned to supervise plaintiff while he was on probation. One of the conditions of plaintiff's probation required him to regularly meet with Jackson at her office to review his compliance and progress. Plaintiff complains that Jackson noted a violation of his conditions of probation after he "told her [he] was 'dirty.'" Also, plaintiff complains Jackson did not

show up at his residence for a scheduled visit and later caused him to arrive late at his place of employment when she did not promptly excuse him from an appointment. Plaintiff alleges Jackson "trick[ed]" him into signing some papers and subsequently sought to place plaintiff on electronic monitoring. Plaintiff refused and was arrested. Consequently, plaintiff was sentenced to a term of confinement of thirty days for apparent violation(s) of his conditions of probation. Plaintiff seeks unspecified injunctive relief, fifty thousand dollars in "normal," compensatory, and punitive damages, and additional compensation for his alleged pain, suffering, and loss of wages.

## COURT'S DISCUSSION

When a pro se plaintiff seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

2

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A review of plaintiff's complaint raises the threshold issue of subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 336 (1895). "Furthermore, the complaint must state on its face the grounds for... jurisdiction," regardless of whether it is a case of diversity or federal question jurisdiction. Bowman, 388 F.2d at 760.

In this case, plaintiff has failed to meet his burden of

3

demonstrating that subject matter jurisdiction exists. Even if the threshold amount in controversy is satisfactorily alleged in plaintiff's complaint, he fails to allege any diversity between the parties. See 28 U.S.C. § 1331 (federal courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states). Furthermore, plaintiff does not raise a federal question within the meaning of 28 U.S.C. § 1331. See 28 U.S.C. § 1331 (limiting jurisdiction to those claims "arising under the Constitution, laws or treaties of the United States").

## **PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEES**

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. Therefore, his motion to proceed in forma pauperis is GRANTED.

## **CONCLUSION**

For the foregoing reasons, plaintiff's complaint [D.E. #1] is DISMISSED for lack of subject matter jurisdiction. Plaintiff's motion to proceed without prepayment of filing fees, [D.E. #2] is GRANTED. The clerk is directed to close the case.

This _24th_ day of June 2015.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#34

4